NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3235

LAPAUL NEWELL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  February 6, 2006

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

LaPaul Newell petitions for review of a decision of the Merit Systems Protection Board, Docket No. DC-0752-04-0559-I-1, dismissing his appeal as untimely.  Because the Board erred in not granting Mr. Newell's request for a hearing on the issue of the timeliness of his appeal, we <u>reverse</u> and <u>remand</u>.

## BACKGROUND

The United States Postal Service removed Mr. Newell from his position as a Materials Handling Equipment Operator effective February 27, 2004, based on a charge

of unsatisfactory attendance.  The agency's letter of decision, dated February 23, 2004, informed Mr. Newell that he had a right to appeal the removal "within thirty (30) calendar days from the effective date of this decision."  In fact, under the Board's regulations, Mr. Newell's appeal was due either 30 days after the effective date of the decision (which would be March 29, 2004) or 30 days after his receipt of the agency's decision, whichever was later.  5 C.F.R. § 1201.22(b)(1).  Mr. Newell's appeal was filed June 1, 2004 (the postmark date).

On June 10, 2004, the Board issued an order directing Mr. Newell "to file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay."  The order explained that a petitioner could establish that an untimely filing was the result of mental or physical illness by (1) identifying the time period he suffered from the illness; (2) submitting corroborating evidence showing he suffered from the alleged illness; and (3) explaining how the illness prevented him from timely filing his appeal or requesting an extension of time.

Mr. Newell submitted three documents in response to the order: (1) a letter dated March 9, 2004, from Manu Singh, a psychology intern/treatment coordinator with the Department of Veterans Affairs; (2) a letter dated May 25, 2004, from Rose M. Washington, a case manager at the Maryland Center for Veterans Education & Training, Inc. (MCVET); and (3) Mr. Newell's own June 1, 2004, letter to the Board.  The Singh letter stated that Mr. Newell had been enrolled in an Addiction Day Treatment Program from February 17, 2004, to March 19, 2004.  The Washington letter explained that MCVET assists homeless veterans in returning to the work force and stated that Mr. Newell had been a student/resident in that program since his discharge from the

Veterans Administration Medical Center on January 20, 2004. In his June 1, 2004, letter, Mr. Newell stated that he had experienced major depression during November 2003 and had subsequently received psychological treatment and entered the MCVET program. Mr. Newell also explained that the first 60 days of the MCVET program were "geared at re-establishing structure into an individual's life" and thus outside contact had been "virtually non-existent." In his response to the administrative judge's June 10, 2004, order, Mr. Newell requested a hearing on the issue of timeliness.

The administrative judge who was assigned to the case reviewed the submitted documents and concluded that Mr. Newell failed to "show good cause for his failing to timely file his appeal or requesting an extension of time to file." The administrative judge explained that Mr. Newell did not offer any "persuasive explanation of what prevented him, after the agency's . . . letter notified him of his February 27, 2004 removal, from acting on his appeal until June 1, 2004." The administrative judge stated that Mr. Newell did not claim he was hospitalized during that period of time or was receiving medical treatment that prevented him from timely filing his appeal or requesting an extension of the time for filing. The administrative judge further stated that Mr. Newell's participation in the MCVET program did not constitute circumstances beyond his control that prevented him from timely filing his appeal. After concluding that Mr. Newell had failed to demonstrate due diligence or ordinary prudence in meeting the time limit for filing his appeal, the administrative judge dismissed the appeal as untimely.

In his subsequent petition for review to the full Board, Mr. Newell asserted that "the presumption that I received the notification of my appeal rights to the Board is unfounded." He claimed that he did not receive any correspondence regarding his

removal until May 21, 2004, and in support of that claim he submitted a letter of that date from a union representative to Mr. Newell's case manager at MCVET. In essence, Mr. Newell argued to the Board that the Postal Service "chose to initiate termination procedures during [his] initial phase of treatment" at MCVET and thus left him unaware of his removal until a union representative contacted him on May 21, 2004. The Board, however, denied the petition for review.

DISCUSSION

The administrative judge viewed the timeliness issue in this case as involving only the question whether Mr. Newell had shown good cause for the untimely filing of his appeal. In fact, the record in this case makes clear that there is an important preliminary question to which the administrative judge did not advert; namely, whether Mr. Newell's appeal was untimely at all.

As noted, Mr. Newell's appeal was due for filing either 30 days after the effective date of the agency's action or 30 days after Mr. Newell received the agency's decision, whichever was later. Mr. Newell stated in his petition for review to the full Board that he did not receive notice of that decision until May 21, 2004, and that his appeal was therefore not untimely. While he did not expressly state in his filings before the administrative judge that he did not timely receive notice of his removal, he did represent that he was homeless and that he had been enrolled in the MCVET program since early 2004 to "regain a competent mental state" and to "continue my progress." In the program, he asserted, "outside contact is virtually non-existent." He further stated that at the time of his appeal, he resided at MCVET facility. In addition, Mr. Newell submitted documentation supporting his assertion that from January 2004 through late

May 2004 he had been a student/resident in the program, which was designed to assist homeless veterans to maintain long term sobriety and return to the work force.

To be sure, in his response to the administrative judge's June 10, 2004, order Mr. Newell did not state explicitly that he did not receive timely notification of his removal. Nonetheless, we think the suggestion of lack of notification was implicit in his response. He stated that he was homeless as of January 2004, that he had entered a program in which "outside contact is virtually non-existent," and that he was continuing to reside at the program's facility at the time he submitted his response. Moreover, the evidence he submitted included a letter from a representative of the MCVET program who corroborated his account and indicated that Mr. Newell was not aware of whether he was still employed by the Postal Service.

For its part, the Postal Service did not offer any evidence that Mr. Newell received the notice of removal on or about the date that it was issued. The agency submitted a copy of the letter of decision, but no evidence of receipt, although the record contains proof of receipt for other documents that were sent to Mr. Newell's previous address. In fact, the only indication that the notice was delivered to Mr. Newell is that it is addressed to him at his previous address. Even then, however, the address listed on the notice of decision was apparently incorrect, as the address on the notice is "603 Darrington St., N.E.," rather than "603 Darrington St., S.E.," which is the address listed on other correspondence in the record as to which receipt was proved.

Moreover, while the administrative judge's June 10, 2004, order correctly stated the general rule that an appeal must be filed within 30 days of the effective date of the action challenged or within 30 days of the date of receipt of the agency's decision,

whichever is later, it did not state that Mr. Newell could establish that the appeal was not untimely by providing evidence that he did not receive notice of the agency's decision until a time less than 30 days before the appeal was filed. In fact, despite the correct general statement of the timeliness requirements, the notice then stated that "[t]his appeal, to have been timely filed, must have been filed no later than March 29, 2004," which is inaccurate, since that statement assumes timely receipt of notice of the agency's decision. A party in Mr. Newell's position could well assume from the latter statement that the issue of timeliness was foreclosed and that the only avenue open to him was to argue that there was good cause for the untimeliness of his appeal.

Under these circumstances, and in light of Mr. Newell's pro se status before the Board, we believe that Mr. Newell's response to the administrative judge's June 10, 2004, order was sufficient to satisfy his burden of "establish[ing] a factual dispute as to whether he timely filed his appeal," which entitles him to the hearing on timeliness that he requested. Meyer v. U.S. Postal Serv., 79 M.S.P.R. 667, 673 (1998); see also Lewis v. Envtl. Prot. Agency, 82 M.S.P.R. 269, 271-72 (1999); Hamilton v. U.S. Postal Serv., 79 M.S.P.R. 354, 356-57 (1998). Accordingly, we reverse the Board's decision and remand the case to the Board for a hearing on the issue of the timeliness. If necessary, the Board should also address the question whether there was good cause for any delay in filing, because the evidence pertaining to timeliness may affect the Board's assessment of the good cause issue.